Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN EGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>        vs.<br><br>ENERGY REMODELING, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1.  VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(b)]<br>2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(b)]<br>3.  VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(c)]<br>4.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

        Plaintiff BRIAN EGAN ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon

personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ENERGY REMODELING, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, 47 C.F.R. § 64.1200, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      This Court has federal-question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

3.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a California resident, seeks relief on behalf of a class (the "Class"), which will result in at least one class member's belonging to a different state than that of Defendant, a corporation headquartered in California. Plaintiff also seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Therefore, both the minimal-diversity requirement and the damages threshold of the Class Action Fairness Act of 2005 ("CAFA") are satisfied, and this Court has jurisdiction.

4.      Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendant does business within the State of California, in this District, and Plaintiff resides within the County of Los Angeles.

## PARTIES

5.      Plaintiff, BRIAN EGAN, is a "person" as defined by 47 U.S.C. § 153

(39).

6.      Defendant, ENERGY REMODELING INC., is an entity in the business of solar panel installations and is a "person" as defined by 47 U.S.C. § 153 (39). Its principal place of business is 19935 Ventura Boulevard, Woodland Hills, California 91364.

7.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.      Beginning in or around March of 2018, or earlier, Defendant, either directly or through its agents, contacted Plaintiff on Plaintiff's cellular telephone number ending in -2409 in an attempt to solicit Plaintiff to purchase Defendant's goods and services.

10.      Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to solicit its goods and services.

11.      Defendant contacted or attempted to contact Plaintiff from telephone

numbers belonging to Defendant.

12.   Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

13.   Defendant's calls were placed to a telephone number assigned to a cellular telephone service.

14.   Plaintiff's typical work day starts at or around 7 a.m. and ends at or around 7 p.m., filled with meetings with clients and others. The calls frequently interrupted these meetings, distracting Plaintiff from his clients and his work.

15.   During all relevant times, Defendant lacked Plaintiff's "prior express consent" (as described in 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(a)(2)) to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephones.

16.   Plaintiff's cellular telephone number ending in -2409 had been on the National Do-Not-Call Registry for more than 30 days before Defendant's calls to him, since approximately 2011.

17.   Defendant placed multiple calls soliciting its business to Plaintiff on his cellular telephone.

18.   Defendant made prerecorded telemarketing calls to Plaintiff's cellular telephone.

19.   Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's goods and services.

20.   Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

21.   Plaintiff repeatedly requested that Defendant stop calling Plaintiff during one of the initial calls from Defendant. No prior express consent or established business relationship (within the meaning of 16 C.F.R. 310.4(b)(1)(iii)(B)) existed, but had either existed, it would have been revoked and

terminated by Plaintiff's requests for the contact to cease.

22. Nevertheless, Defendant continued to call Plaintiff in an attempt to solicit its goods and services and in violation of the National Do-Not-Call provisions of the TCPA.

23. Upon information and belief, and based on Plaintiff's experiences of being called by Defendant after requesting that it stop calling, at all relevant times Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

24. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the four proposed classes (hereafter, jointly, "The Classes"). "The ATDS Class" is defined as follows:

> All persons within the United States who, within the four years before the filing of the initial complaint in this case, received any calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice when such person had not previously consented to receiving such calls.

25. "The ATDS Revocation Class" is defined as follows:

> All persons within the United States who, within the four years before the filing of the initial complaint in this case, received any calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice when such person had revoked any prior express consent to receive such calls.

26. "The DNC Class" is defined as follows:

All persons within the United States who, within the four years before the filing of the initial complaint in this case, had not granted Defendant prior express consent nor had a prior established business relationship with it and who, despite having been registered on the National Do-Not-Call Registry for at least the 30 preceding days, received more than one call made by or on behalf of Defendant that promoted Defendant's goods or services within any twelve-month period.

27.    "The DNC Revocation Class" is defined as follows:

All persons within the United States, who, within the four years before the filing of the initial complaint in this case, despite having been registered on the National Do-Not-Call Registry for at least the 30 preceding days, received more than one call made by or on behalf of Defendant that promoted Defendant's goods or services, after having revoked consent and any prior established business relationship, within any twelve-month period.

28.    Plaintiff represents and is a member of The ATDS Class.

29.    Plaintiff represents and is a member of The ATDS Revocation Class.

30.    Plaintiff represents and is a member of The DNC Class.

31.    Plaintiff represents and is a member of The DNC Revocation Class.

32.    Defendant and its employees and agents are excluded from The Classes.

33.    The Classes are so numerous that the individual joinder of all of their members is impractical.  While the exact number and identities of The Classes' members are unknown to Plaintiff at this time and can be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes include thousands of members.

34.    Plaintiff and members of The ATDS Class and The ATDS Revocation

Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones, thereby causing Plaintiff and ATDS Class and ATDS Revocation Class members to incur opportunity or out-of-pocket costs or reduced telephone time for which they had paid and invading the privacy of, harassing and causing a nuisance to Plaintiff and ATDS Class and ATDS Revocation Class members.

35.     Common questions of fact and law exist as to all members of The ATDS Class that predominate over any questions affecting only individual members of The ATDS Class.  These common legal and factual questions include, but are not limited to, the following:

        a.  Whether the voice by or on behalf of Defendant to make telemarketing calls is indeed artificial or prerecorded, or (instead) a live human who sounds robotic;

        b.  Whether the equipment used by or on behalf of Defendant is an ATDS within the meaning of the TCPA;

        c.  Whether Defendant had a pattern and practice of failing to remove cellular telephone numbers from its cold-calling lists;

        d.  Whether Defendant had a pattern and practice of making non-emergency, non-consensual calls;

        e.  Whether the circumstances, means and content of Defendant's calls tended to annoy, harass and cause a nuisance;

        f.  Whether Defendant's violations were intentional; and

        g.  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

36.     As a person who received numerous calls from Defendant using an automatic telephone dialing system and an artificial or prerecorded voice without giving prior express consent, Plaintiff is asserting claims that are typical of those of The ATDS Class.

37.     Common questions of fact and law exist as to all members of The ATDS Revocation Class that predominate over any questions affecting only individual members of The ATDS Revocation Class.  These common legal and factual questions include, but are not limited to, the following:

       a.  Each of the questions common to members of The ATDS Class; and

       b.  Whether Defendant had a pattern and practice of ignoring revocation of consent.

38.     As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice after having revoked any prior express consent, Plaintiff is asserting claims that are typical of those of The ATDS Revocation Class.

39.     Plaintiff and members of The DNC Class and DNC Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class and DNC Revocation Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class and DNC Revocation Class members whose telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and DNC Class and DNC Revocation Class members were annoyed, harassed, injured and damaged thereby.

40.     Common questions of fact and law exist as to all members of The DNC Class that predominate over any questions affecting only individual members of The DNC Class.  These common legal and factual questions include, but are not limited to, the following:

       a.  Whether Defendant had a pattern and practice of failing to remove National Do Not Call registrants from its calling lists;

       b.  Whether Defendant subscribed to the National Do Not Call Registry;

c. Whether Defendant had a pattern and practice of failing to remove residential and cellular telephone numbers from its cold-calling lists;

d. Whether Defendant had a pattern and practice of making telemarketing calls to persons with whom it had no preexisting business relationship;

e. Whether the circumstances, means and content of Defendant's calls tended to annoy, harass and cause a nuisance;

f. Whether Defendant's violations were intentional; and

g. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. As a person who received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff is asserting claims that are typical to those of the DNC Class.

42. Common questions of fact and law exist as to all members of The DNC Revocation Class that predominate over any questions affecting only individual members of The DNC Revocation Class. These common legal and factual questions, which do not vary between DNC Revocation Class members, and which may be determined without reference to the individual circumstances of any DNC Revocation Class members, include, but are not limited to, the following:

a. Each of the questions common to members of The DNC Class; and

b. Whether Defendant had a pattern and practice of ignoring revocation of consent.

43. As a person that received numerous solicitation calls from Defendant within a 12-month period, who, to the extent one existed, had revoked any prior express consent and any established business relationship with Defendant, Plaintiff is asserting claims that are typical to those of the DNC Revocation Class.

44.     Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

45.     A class action is fairer and more efficient method than other available methods of adjudication of this controversy, since individual litigation of the claims of all class members is impracticable.  Even if every class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member.

46.     The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

47.     Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b).

### On Behalf of The ATDS Class and The ATDS Revocation Class

48.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

49.   The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

50.   As a result of Defendant's violations of 47 U.S.C. § 227(b), Plaintiff, ATD Class Members and ATD Revocation Class Members are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.   Plaintiff and ATDS Class and ATDS Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

**On Behalf of The ATDS Class and The ATDS Revocation Class**

52.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

53.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

54.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff, ATDS Class members and ATDS Revocation Class members are entitled an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

55.   Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**

**Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

**On Behalf of The DNC Class and The DNC Revocation Class**

56.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

57.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

58.     As a result of Defendant's violations of 47 U.S.C. § 227(c), Plaintiff, DNC Class members and DNC Revocation Class members are entitled an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

59.     Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

**On Behalf of The DNC Class and The DNC Revocation Class**

60.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

61.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

62.     As a result of Defendant's knowing and/or willful violations of 47

U.S.C. § 227(c), Plaintiff, DNC Class members and DNC Revocation Class members are entitled an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

63.   Plaintiff and the DNC Class and DNC Revocation Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 (b)**

- As a result of Defendant's violations of 47 U.S.C. §227(b)(1), Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the ATDS Class and ATDS Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

- As a result of Defendant's violations of 47 U.S.C. §227(c)(5), Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).
- Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class and DNC Revocation Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).
- Any and all other relief that the Court deems just and proper.

### JURY DEMAND

64.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 25th Day of April, 2018.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiff