Isha Kakkar, Esq. (SBN: 318636)
isha@nrgremodeling.com
ENERGY REMODELING, INC.
22120 Clarendon St, Suite 200
Telephone: (818) 928-3104
Facsimile: (818) 475-1549

Attorney for Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN EGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>ENERGY REMODELING, INC., and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.: 2:18-cv-03449-ODW (KSx)<br><br>**ANSWER TO COMPLAINT** |

**ANSWER**

COMES NOW Defendant ENERGY REMODELING, INC. (hereinafter "ERI" or "Defendant"), by and through its counsel of record, and hereby answers the Complaint of Plaintiff BRIAN EGAN ("Plaintiff" or "Egan") by admitting, denying and alleging as follows:

**NATURE OF THE CASE**

1. Defendant admits that Plaintiff claims he brings this Class Action Complaint for damages, available legal or equitable remedies, resulting from the allegedly illegal actions of Defendant purportedly negligently and/or willfully contacting Plaintiff on

Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, 47 C.F.R. § 64.1200, thereby invading Plaintiff's privacy. Defendant denies it violated said statutes or the law.

## JURISDICTION & VENUE

2. Answering Paragraph 2 of the Complaint, Defendant asserts this paragraph states a legal conclusion.

3. Answering Paragraph 3 of the Complaint, Defendant asserts this paragraph states a legal conclusion.

4. Answering Paragraph 3 of the Complaint, Defendant asserts this paragraph states a legal conclusion.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

6. Answering Paragraph 6 of the Complaint, Defendant admits in part that it is an entity in the business of solar panel installations and has a principal place of business in Woodland Hills, California. Defendant denies in part that it has a principal place of business at 19935 Ventura Boulevard. Defendant asserts whether it is a "person," as defined by 47 U.S.C. § 153 (39) is a legal conclusion.

7. Answering Paragraph 7 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

8. Answering Paragraph 8 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

## FACTUAL ALLEGATIONS

9. Answering Paragraph 9 of the Complaint, Defendant denies each and every allegation.

10. Answering Paragraph 10 of the Complaint, Defendant asserts Paragraph 10 contains a legal conclusion to which Defendant denies each and every allegation.

11. Answering Paragraph 11 of the Complaint, Defendant denies each and every allegation.

12. Answering Paragraph 12 of the Complaint, Defendant asserts this paragraph states a legal conclusion. To the extent any response is required, Defendant denies each and every allegation.

13. Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation.

14. Answering Paragraph 14 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

15. Answering Paragraph 15 of the Complaint, Defendant asserts this paragraph states a legal conclusion. To the extent any response is required, Defendant denies each and every allegation.

16. Answering Paragraph 16 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

17. Answering Paragraph 17 of the Complaint, Defendant denies each and every allegation.

18. Answering Paragraph 18 of the Complaint, Defendant denies each and every allegation.

19. Answering Paragraph 19 of the Complaint, Defendant asserts this paragraph states a legal conclusion. To the extent any response is required, Defendant denies each and every allegation.

20. Answering Paragraph 20 of the Complaint, Defendant denies each and every allegation.

21. Answering Paragraph 21 of the Complaint, Defendant denies each and every allegation.

22. Answering Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23. Answering Paragraph 23 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

## CLASS ALLEGATIONS

24. Answering Paragraph 24 of the Complaint, Defendant admits that Plaintiff claims to bring this action on behalf of himself and on behalf of all others similarly situated ("the Class"). Further allegations contained in Paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

25. Answering Paragraph 25 of the Complaint, allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

26. Answering Paragraph 26 of the Complaint, allegations contained in Paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

27. Answering Paragraph 27 of the Complaint, allegations contained in Paragraph 27 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

28. Answering Paragraph 28 of the Complaint, allegations contained in Paragraph 28 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

29. Answering Paragraph 29 of the Complaint, allegations contained in Paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

30. Answering Paragraph 30 of the Complaint, allegations contained in Paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

31. Answering Paragraph 31 of the Complaint, allegations contained in Paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

32. Answering Paragraph 32 of the Complaint, Defendant admits that Defendant and its employees or agents are excluded from the Class.

33. Answering Paragraph 33 of the Complaint, allegations contained in Paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

34. Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35. Answering Paragraph 35 of the Complaint, and subparagraphs (a)-(g) thereto, allegations contained in Paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

36. Answering Paragraph 36 of the Complaint, allegations contained in Paragraph 36 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

37. Answering Paragraph 37 of the Complaint, allegations contained in Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

38. Answering Paragraph 38 of the Complaint, allegations contained in Paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

39. Answering Paragraph 39 of the Complaint, allegations contained in Paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

40. Answering Paragraph 40 of the Complaint, and subparagraphs (a)-(g), allegations contained in Paragraph 40 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

41. Answering Paragraph 41 of the Complaint, allegations contained in Paragraph 41 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

42. Answering Paragraph 42 of the Complaint, allegations contained in Paragraph 42 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

43. Answering Paragraph 43 of the Complaint, allegations contained in Paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

44. Answering Paragraph 44 of the Complaint, Defendant has insufficient information to either admit or deny the allegations contained therein, and on that basis, denies same.

45. Answering Paragraph 45 of the Complaint, allegations contained in Paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

46. Answering Paragraph 46 of the Complaint, allegations contained in Paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent any response is required, Defendant denies each and every allegation.

47. Answering Paragraph 47 of the Complaint, Defendant denies each and every allegation.

## FIRST CAUSE OF ACTION

48. Answering Paragraph 48, Defendant incorporates Paragraphs 1-47 of its Answer.

49. Answering Paragraph 49, Defendant denies each and every allegation.

50. Answering Paragraph 50, Defendant denies each and every allegation.

51. Answering Paragraph 51, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION

52. Answering Paragraph 52, Defendant incorporates Paragraphs 1-51 of its Answer.

53. Answering Paragraph 53, Defendant denies each and every allegation.

54. Answering Paragraph 54, Defendant denies each and every allegation.

55. Answering Paragraph 55, Defendant denies each and every allegation.

## THIRD CAUSE OF ACTION

56. Answering Paragraph 56, Defendant incorporates Paragraphs 1-55 of its Answer.

57. Answering Paragraph 57, Defendant denies each and every allegation.

58. Answering Paragraph 58, Defendant denies each and every allegation.

59. Answering Paragraph 59, Defendant denies each and every allegation.

## FOURTH CAUSE OF ACTION

60. Answering Paragraph 60, Defendant incorporates Paragraphs 1-59 of its Answer.

61. Answering Paragraph 61, Defendant denies each and every allegation.

62. Answering Paragraph 62, Defendant denies each and every allegation.

63. Answering Paragraph 63, Defendant denies each and every allegation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Laches and Statute of Limitations)

2. The Complaint is barred, in whole or in part, by the doctrine of laches or the applicable statute of limitations.

//

### THIRD AFFIRMATIVE DEFENSE
(No ATDS)

3. As a separate, affirmative defense, Defendant asserts that Defendant does not employ an automatic telephone dialing system as defined by the TCPA.

### FOURTH AFFIRMATIVE DEFENSE
(Equitable Defenses)

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred by doctrines of estoppel, waiver, unclean hands, and other equitable doctrines. Defendant is informed and believes that Plaintiff sought out opportunities to bring litigation.

### FIFTH AFFIRMATIVE DEFENSE
(No Intentional or Reckless Conduct)

5. Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

6. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

//

### SEVENTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

7. Assuming arguendo that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, not withstanding the maintenance of procedures reasonably adapted to avoid any such error.

### EIGHTH AFFIRMATIVE DEFENSE

(Prior Express or Implied Consent)

8. Defendant asserts that it had consent to call the phone numbers at issue, either via prior express consent or implied consent.

### NINTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

9. Defendant asserts that Plaintiff assumed the risk of the calls made by Defendant.

### TENTH AFFIRMATIVE DEFENSE

(Reasonableness and Good Faith)

10. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that they acted lawfully and within their legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest believe that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

### ELEVENTH AFFIRMATIVE DEFENSE
(No Class Action)

11. As a separate affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because class members are not identifiable and because this case is not appropriate for class treatment, including, but not limited to, lack of typicality, ascertain-ability, predominance of individualized issues, and superiority.

### TWELFTH AFFIRMATIVE DEFENSE
(Standing)

12. As a separate, affirmative defense, Defendant asserts that Plaintiff lacks standing to assert this class.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

13. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defense, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Contributory or Comparative Negligence or Fault)

14. Defendant alleges Plaintiff and other persons' carelessness, negligence, or other wrongful conduct caused or contributed to any incident, injuries, loss, or damages complained of, if any, and such acts or omissions bar or reduce Defendant's liability.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Indemnification)

15. Defendant alleges that Plaintiff and other persons -whether or not parties to this action- carelessly, negligently, or intentionally proximately caused or contributed to the happening of the injury, loss, or damages complained of, if any, and any damages

awarded must be apportioned among such persons or entities, whether or not the they are parties, in proportion to any amount attributable to such other persons or entities.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Unauthorized Conduct)

16. Defendant alleges the Complaint and each cause of action is barred on the ground that the acts complained of were performed by persons without the authority to act on behalf of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Failure to Join)

17. Failure to join necessary parties.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies every request in Plaintiff's prayer, and prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Dated: June 29, 2018

ENERGY REMODELING, INC.

By: /s/ Isha Kakkar
ISHA KAKKAR, ESQ.
Attorney for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

/s/ Isha Kakkar